**In re PARADISE BOAT LEASING CORP., Debtor.**

**BAMERICAL MORTGAGE & FINANCE COMPANY, INC., Plaintiff,**

v.

**PARADISE BOAT LEASING CORP., Defendant.**

Bankruptcy No. 79–00007.

District Court, Virgin Islands, D. St. Thomas and St. John.

July 21, 1980.

See also, Bkrtcy., 2 B.R. 482.

Frederick D. Rosenberg, Charlotte Amalie, St. Thomas, V. I., for plaintiff.

Arnold M. Selke, Charlotte Amalie, St. Thomas, V. I., for defendant.

## OPINION

CHRISTIAN, Chief Judge.

This matter is an appeal from an Order of the Bankruptcy Court granting secured creditor Bamerical Mortgage & Finance Company, Inc.'s application for relief from the automatic stay imposed under 11 U.S. C.A. § 362(a). Bamerical seeks to enforce its lien against the yacht Solo, a vessel owned and operated by appellant-debtor Paradise Boat Leasing Corp. At issue is the Bankruptcy Court's determination that regardless of Paradise's substantial equity in the collateral, the mobility and risk inherent in the operations of a seagoing vessel signify that Bamerical's interest cannot be adequately protected and that, therefore, it is entitled to relief from the stay pursuant to 11 U.S.C.A. § 362(d)(1). In light of the circumstances and equities of the case at bar, the Court will find that Bamerical's interest might be adequately protected without resort to termination of the automatic stay. Accordingly, the case will be remanded to the Bankruptcy Court for reconsideration.

The Bankruptcy Court made the following findings of fact. On August 6, 1976 Paradise executed a promissory note for $161,400 [1] in favor of Bamerical in exchange for a loan utilized to purchase the yacht "Solo". On September 15, 1978 Paradise executed a chattel mortgage encumbering the "Solo" as security for repayment of the loan. Bamerical has a valid lien and apparently the chattel mortgage was filed in Puerto Rico. Paradise has used the vessel for both charter and pleasure-sailing in the Caribbean.

After Paradise defaulted on the loan, Bamerical commenced an *in rem* proceeding against the "Solo" in St. Thomas. Paradise then filed this reorganization proceeding under Chapter 11 of Title 11 of the United States Code. The reorganization petition shows that the only asset of Paradise is the "Solo". It also shows that the balance due on the loan is approximately $70,000. and that the remaining claims, chiefly for marina charges, are about $3,000.

Certain additional facts are readily inferable from the Bankruptcy Court's Opinion. Firstly, the Bankruptcy Court raises little objection to Paradise's reorganization plan except the lack of adequate protection for

1. $119,377.00 principal and $42,023.00 in interest.

Bamerical. Thus, if this obstacle can be overcome, the plan is probably acceptable.[2] Secondly, Paradise has a substantial equity in the "Solo".[3] Finally, it is the vessel's characteristics of mobility, and vulnerability to the perils of the sea that underly the Bankruptcy Court's finding of the absence of adequate protection. Accordingly, it is the essentials of adequate protection that the Court must define.

The Court's analysis begins with the applicable statute, 11 U.S.C.A. § 362(d):

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>> (2) with respect to a stay of an act against property, if—
>> (A) the debtor does not have an equity in such property; and
>> (B) such property is not necessary to an effective reorganization.

Three conclusions follow immediately from a reading of § 362(d). Firstly subsection (d)(2) cannot apply in the case at bar because Paradise has equity in the vessel. Secondly, because (d)(2) explicitly conditions its applicability on the debtor's lack of equity in the collateral while (d)(1) makes no such demand, Bamerical may obtain relief under (d)(1) despite Paradise's equity in the "Solo". Thus, the Court must reject Paradise's argument that its equity in the yacht precludes the granting of any relief to Bamerical under § 362(d). Finally, the Court concludes that the Bankruptcy Court's decision was not limited to a choice between terminating or continuing the automatic stay. Instead, the court may grant relief "such as by terminating, annulling, modifying, or conditioning such stay . . ." 11 U.S.C.A. § 362(d).

■ As to the question of what constitutes adequate protection, § 361 provides the best definition available:

§ 361. Adequate protection

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

> (1) requiring the trustee to make periodic case payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

Yet, section 361 cites examples of adequate protection rather than provide an exhaustive listing. 2 Collier on Bankruptcy ¶ 362.-07 at 362–47 (15th ed. 1979). Thus, ample room is given in § 361 for case by case development of the appropriate standards. *Id.* at 362–46. We start from scratch since this development is still in its infancy.

■ At the outset, it is clear that only subsection (3) is relevant to our analysis. In effect, subsections (1) and (2) cannot apply to the "Solo" because they presume

---

**2.** The Bankruptcy Court does question the prospects for rehabilitation and reorganization of paradise. The thrust of the Bankruptcy Court's decision, however, is that the rehabilitation question should not be reached because of the lack of adequate protection.

**3.** The reorganization petition lists the market value of the Solo as $200,000. Also, the principal of the original loan in 1976 was $119,377.00 of which about half has been repaid.

that the debtor lacks equity in the collateral.[4] Unfortunately, the Bankruptcy Court misinterprets subsection (3). It reads subsection (3) as suggesting only that adequate protection may be achieved by providing for "(p)ossible compensation to the creditor by way of a claim for administration expenses." Instead, as stated in the notes of the Committee on the Judiciary, House Report No. 95–595, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6296, the provision has a much broader meaning:

> The fourth method gives the parties and the courts flexibility by allowing such other relief as will result in the realization by the protected entity of the value of its interest in the property involved. Under this provision, the courts will be able to adapt to new methods of financing and to formulate protection that is appropriate to the circumstances of the case if none of the other methods would accomplish the desired result. For example, another form of adequate protection might be the guarantee by a third party outside the judicial process of compensation for any loss incurred in the case. Adequate protection might also, in some circumstances, be provided by permitting a secured creditor to bid in his claim at the sale of the property and to offset the claim against the price bid in.
>
> The paragraph also defines, more clearly than the others, the general concept of adequate protection, by requiring such relief as will result in the realization of value. It is the general category, and as such, is defined by the concept involved rather than any particular method of adequate protection.

Thus, as a court of equity the Bankruptcy Court is free to balance the hardships to the affected parties and fashion relief accordingly. *See* 2 Collier on Bankruptcy at 362–47.

■ Hence, the Bankruptcy Court's error in interpreting § 361(3) renders its termination of the stay suspect. The matter must be remanded to the Bankruptcy Court to calculate whether less drastic relief may be fashioned in line with the options available under § 362(d). In that regard, the Bankruptcy Court should consider whether adequate protection to Bamerical might be achieved by conditioning the stay on Paradise acquiring sufficient insurance on the craft. Because the Chattel Mortgage provides Bamerical with the power to mandate the acquisition of such insurance by Paradise, this alternative appears particularly attractive.

In addition, the Bankruptcy Court must evaluate the effect of the alleged prohibition on Paradise removing the "Solo" from Puerto Rico on the potential for adequate protection. Preliminarily, however, the Bankruptcy Court should verify whether the parties ever agreed to such a limitation. The Chattel Mortgage contains no such agreement and there is no other indication of it in the record or exhibits. Some evidentiary basis must exist before the Bankruptcy Court can make such a finding.

Lastly, some mention of the Bankruptcy Court's discussion of the term "indubitable equivalent" in § 361(3) is warranted. Without expressing a view on the particular facts at issue, the Court simply notes that the statute demands the "mere indubitable equivalent rather than the *most* indubitable equivalence. . . ." 1 Collier on Bankruptcy at 361–10. Thus, "where the creditor is in the business of extending credit a moratorium in debt service if accompanied by measures to preserve the collateral may suffice." *Id.* at 362–47.

---

4. This presumption is significant, however, because it suggests that a debtor with equity in the disputed collateral has a very strong argument that its creditor is provided with adequate protection.