**In re PHILADELPHIA ATHLETIC CLUB, INC., Debtor.**

**Lea BRODSKY, Administratrix of the Estate of Michael Brodsky, Dec'd, Plaintiff,**

v.

**PHILADELPHIA ATHLETIC CLUB, INC., Defendant.**

**Bankruptcy No. 80–02028G.**
**Adv. No. 80–0819G.**

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 24, 1981.

Robert A. Rosin, Philadelphia, Pa., for plaintiff, Lea Brodsky, Administratrix of the Estate of Michael Brodsky, Dec'd.

Pace Reich, Philadelphia, Pa., for defendant/debtor, Philadelphia Athletic Club, Inc.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The question before us is whether we should modify the stay imposed by § 362(a) of the Bankruptcy Code ("the Code") to permit a creditor to complete a suit in equity presently pending in the state court

against the debtor and other non-debtor defendants. We conclude that the stay should be so modified because the state court action is almost completed and to require the creditor to commence an action in the bankruptcy court to liquidate her claim would be unnecessarily repetitive, expensive and time-consuming. Further, permitting the creditor to finish her state court action would allow her to proceed against the non-debtor defendants for satisfaction of her claim.

The facts of the case at bench are as follows:[1] On November 10, 1975, Michael Brodsky ("Brodsky") commenced an action in equity in the Court of Common Pleas of Philadelphia County against the Philadelphia Athletic Club, Inc. ("the debtor"), The Hahnemann Medical College and Hospital of Philadelphia ("Hahnemann") and Samuel Rappaport ("Rappaport"). In that action Brodsky alleged that in 1966 he and the debtor had entered into an agreement whereby Brodsky was to receive a percentage of the monthly rent paid by Hahnemann to the debtor in exchange for the services rendered by Brodsky in obtaining Hahnemann as a tenant for the debtor. Brodsky further alwrged that when Rappaport took control of the debtor in 1973 Rappaport directed Hahnemann to pay its rent to Samuel Rappaport Investments ("SRI") and stopped paying the commissions due Brodsky. The relief sought by Brodsky was an order directing the defendants to pay Brodsky the commissions already due him as well as an order directing the payment to Brodsky of commissions on the rent to be paid by Hahnemann in the future.

After the trial of the above equity action, Judge Calvin T. Wilson issued an adjudication in which he found that the allegations of Brodsky as stated above were true and that Lea Brodsky, the Administratrix of Brodsky's estate ("the plaintiff's estate")[2] was entitled to the requested relief. Judge Wilson, therefore, entered a *decree nisi* directing the debtor and Rappaport (individually and as SRI) to pay all past due commissions and future commissions to the plaintiff's estate. Exceptions to Judge Wilson's findings of fact, conclusions of law and order were filed by the defendants and argument on the exceptions was scheduled for December 12, 1980. However, on August 18, 1980, the debtor filed a petition for a reorganization under chapter 11 of the Code. Consequently, on November 24, 1980, Judge Wilson stayed any further proceedings in the Court of Common Pleas. On December 23, 1980, the plaintiff's estate filed the instant complaint seeking a modification of the automatic stay to permit her to continue with the state court action against the debtor, Rappaport and SRI.

Section 362(a) of the Code provides for an automatic stay (on the filing of a petition under the Code) of certain actions against the debtor or his property, including:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1). Section 362(d) states the circumstances under which such automatic stay may be modified:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

---

[1]. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

[2]. Michael Brodsky died during the pendency of the state court action and that suit was continued by the Administratrix of his estate, Lea Brodsky.

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

In the case before us, counsel for the plaintiff's estate argues that there is "cause" for modifying the stay because the state court action begun by Brodsky has been pending for several years and is almost completed. Counsel further argues that, to require that the suit heard in the state court be again litigated in the bankruptcy court would be unduly repetitive, expensive and time-consuming. Since the action in the state court is almost concluded, counsel for the plaintiff's estate argues that it will be much quicker to let the state court, rather than the bankruptcy court, decide the issue. He further argues that to permit the plaintiff to proceed with the state court action will allow her to presently recover from the non-debtor defendants if she is successful, thereby also satisfying any claim she has against the debtor.

In response to these arguments the debtor contends that it is the policy of the new Bankruptcy Code to have all issues relating to a case under the Code decided in the bankruptcy court in order to assure uniformity of decisions, to expedite the administration of that case, and to utilize the expertise of that court in matters relating to bankruptcy. The debtor further asserts that, in the instant case, allowing the state court action to proceed will delay the administration of its case under chapter 11 and that, even if the plaintiff's estate were to recover from the non-debtor defendants, the debtor would still be liable for contribution or indemnity to those other defendants. Consequently, the debtor argues that it will not be benefited, and will probably be harmed, by a modification of the stay.

We disagree with the debtor's contentions and conclude that it will be in the best interests of all parties concerned to modify the stay to permit the state court action, now almost concluded, to proceed to a conclusion. At the present, the state court plaintiff has only an unliquidated claim against the debtor. That claim must be liquidated in order for the debtor's case under chapter 11 to proceed. The question is what will be the most expeditious and fair way to liquidate that claim. In the instant case there have already been lengthy proceedings in the state court. To require the state court plaintiff to start those proceedings all over again in this court will clearly be a waste of judicial and legal time and effort. Since the state court action is almost at an end, the most expeditious way to liquidate the claim of the plaintiff is to permit the state court action to be concluded. This will cause the least delay and expense for all concerned.

The policy of the Code to have issues relating to bankruptcy decided in a court with expertise in that area will not be eroded by our decision in this case because there is no issue involved in the state suit which requires the legal competence of the bankruptcy court. That suit is an action in equity to recover money for services rendered and can be decided by Judge Wilson as expertly as it could by us. This reasoning is expressed by the editors of Collier's:

Lack of adequate protection and lack of equity are not the sole grounds for relief from the stay since section 362(d)(1) requires that the stay be vacated "*for cause,* including lack of adequate protection . . ." (emphasis added). Actions which are only remotely related to the case under title 11 or which involve the rights of third parties often will be permitted to proceed in another forum. Generally, proceedings in which the debtor is a fiduciary or which involve the postpetition activities of the debtor need not be stayed since they bear no real relationship to the purpose of the stay which is to protect the debtor and the estate from creditors. Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff. Finally, the liquidation of a claim may be more conveniently and speedily determined in another forum.

2 Collier on Bankruptcy ¶ 362.07[3] (15th ed. 1980) (footnotes omitted).

Consequently, we will modify the stay to permit the state court plaintiff to continue the state court action against the debtor and other defendants to its conclusion for the purpose of liquidating her claim against the debtor.[3] If the plaintiff is successful in that action and obtains a final judgment against the debtor and the other defendants, however, she will still be stayed by the order accompanying this opinion from proceeding on that judgment against the debtor or its property. She would, instead, be required to file her liquidated claim in this court against the debtor so that she would receive the same rate of dividend as other creditors in her class.[4]

[3.] Permitting the state court plaintiff to obtain such a judgment does not change her status in this proceeding as an unsecured creditor of the debtor, since any lien or other preference which would arise by virtue of that judgment is avoidable by the trustee pursuant to § 549 of the Code. The only effect the state court judgment would have would be to liquidate the amount of the debt, if any, owed by the debtor to the state court plaintiff.

[4.] However, as the state court plaintiff asserts in her reply memorandum, the claims of the non-debtor defendants against the debtor for contribution might be precluded by the collateral estoppel effect of certain findings of fact made by Judge Wilson in the state court action. *See*, e. g., *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Peterman*, 5 B.R. 687 (Bkrtcy.E.D.Pa.1980) and cases cited therein.