George H. ELLIOTT,
Appellee-Complainant,

v.

Eric Jerome HARDISON,
Appellant-Debtor,

and

State Farm Mutual Automobile Insurance
Company, Intervenor.

Civ. A. No. 82-270-N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 15, 1982.

Michael H. Pitt, Portsmouth, Va., for appellee-complainant.

John G. Crandley, Preston & Wilson, Leonard D. Levine, Virginia Beach, Va., for appellant-debtor.

## MEMORANDUM OPINION

DOUMAR, District Judge.

This matter is before the Court on the debtor-appellant Eric Jerome Hardison's appeal from the March 2, 1982 order of the bankruptcy court lifting the automatic stay of 11 U.S.C. § 362(a).[1] The order appealed from permits the appellee, Mr. Elliott, to proceed against the debtor-appellant in an action for damages for personal injury, which action is currently pending in the Circuit Court of the City of Norfolk, Virginia, notwithstanding the entry of the bankruptcy court's order of discharge. The order of the bankruptcy court also prevents the enforcement of any judgment that might be obtained in the pending Circuit Court action against Mr. Hardison, either directly or indirectly against him or his property.

On or about August 14, 1980, George H. Elliott was a passenger in an automobile insured by State Farm Mutual Automobile Insurance Company (hereinafter referred to as State Farm), which was involved in a collision with a vehicle operated by the bankrupt, Eric Jerome Hardison. As a result of the collision, George H. Elliott sustained injuries for which he seeks recompense in the pending state court action.

Seven and one-half months after the collision, on March 30, 1981, Eric Jerome Hardison and his wife filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division. George H. Elliott was listed therein as an unsecured creditor without priority with respect to his

1. Section 362(a) operates as a bar to all civil actions that were pending, or could have been pending, prior to the debtor filing his petition in bankruptcy. The statute provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition in bankruptcy filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . .

personal injury claim arising out of the collision of August 14, 1980.

On August 19, 1981, the underlying civil action, a personal injury suit, was filed by George H. Elliott against Eric Jerome Hardison in the Circuit Court of the City of Norfolk, Virginia based on the accident of August 14, 1980. On September 8, 1981, five months after Mr. Hardison filed his petition, the bankruptcy court entered an order of discharge releasing Mr. Hardison from all his dischargeable debts. Thereafter, Mr. Elliott filed with the bankruptcy court a complaint for relief from the automatic stay provisions of 11 U.S.C. § 362(a) to allow him to proceed with his personal injury action in the Circuit Court of the City of Norfolk, Virginia. By order of March 2, 1982, the bankruptcy court granted, on equitable grounds, the relief Mr. Elliott had requested. *Elliott v. Hardison,* APN 81–0757–N, slip op. at 1 (Bankr. E.D.Va. March 2, 1982). The order further provided that State Farm and Mr. Elliott refrain from taking any action against Mr. Hardison which would jeopardize Mr. Hardison's discharge and fresh start. Mr. Eric Jerome Hardison, the bankrupt, had no liability insurance on his motor vehicle while Mr. Elliott was a passenger in a motor vehicle which did have a policy of liability insurance which, under Virginia law, gave Mr. Elliott protection against an uninsured motorist.

Pursuant to the Virginia Uninsured Motorist Policy issued in conformity with the statute, Va.Code Ann. 38.1–381, it is necessary for the insured motorist (Elliott) to establish "legally" the liability of the uninsured motorist (Hardison) by judgment. *Midwest Mutual Insurance Company v. Aetna Casualty & Surety Company,* 216 Va. 926, 223 S.E.2d 901 (1976); *see United Services Automobile Association v. Nationwide Mutual Insurance Company,* 218 Va. 861, 241 S.E.2d 784 (1978). Accordingly, it is necessary for Mr. Elliott, in order to recover under the uninsured motorist policy, to establish the legal liability of Eric Jerome

Hardison before he may collect from the insurance company insuring against a legally liable uninsured motorist. Therefore, Mr. Elliott seeks relief from the automatic stay of 11 U.S.C. § 362(a) in order that he may obtain the benefits of the uninsured motorists policy for which a premium was paid on the automobile liability insurance policy insuring the vehicle in which Mr. Elliott was a passenger.

Two questions are presented on appeal. First, whether the bankruptcy court erred in granting the appellee-complainant relief from the automatic stay of 11 U.S.C. § 362(a) so as to permit the appellee-complainant to proceed against the debtor-appellant on a personal injury claim in the Circuit Court of the City of Norfolk, Virginia, notwithstanding the entry of the bankruptcy court's order of discharge. And, second, whether the bankruptcy court erred in enjoining State Farm from pursuing its statutorily created subrogation rights against the debtor-appellant should State Farm become liable to pay the appellee-complainant for damages arising out of his personal injury action against Mr. Hardison. Upon mature consideration of the positions and authorities advanced by the parties in their briefs and in oral argument, and for the reasons set forth below, the decision of the bankruptcy court is AFFIRMED.

## I.

With regard to the first assignment of error, the debtor-appellant contends that the Bankruptcy Code is devoid of any provision to support the bankruptcy court's order of March 2, 1982 granting the complainant-appellee relief from the automatic stay of § 362(a). The debtor-appellant's contention is improvident. Following closely on the heels of sub-section (a) of 11 U.S.C. § 362 (of the Bankruptcy Code) is sub-section (d), which clearly provides that, after notice and hearing, and for cause, the bankruptcy court shall grant relief from the stay.[2] Be-

---

**2.** 11 U.S.C. § 362(d) provides:

(d) On request of a party in interest and after notice of a hearing, the court shall grant relief

from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

cause the statute commits the decision to lift the stay to the discretion of the bankruptcy judge, his decision may be overturned only upon a showing of abuse of discretion. *Matter of Holtkamp*, 669 F.2d 505, 507 (7th Cir.1982); *In re Frigitemp Corp.*, 8 B.R. 284 (D.C.S.D.N.Y.1981). The debtor-appellant has failed to make such a showing.

The legislative history to § 362 is abundantly clear on the point that Congress intended the bankruptcy courts to be required to lift the stay in appropriate circumstances. The Senate report states:

> Subsection (d) *requires* the court, upon motion of a party in interest, to grant relief from the stay for cause, such as by terminating, annulling, modifying, or conditioning the stay. The lack of adequate protection of an interest in property is one cause for relief, but is not the only cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. Generally, proceedings in which the debtor is a fiduciary or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is protection of the debtor and his estate from his creditors.
>
> Upon the court's finding that the debtor has no equity in the property subject to the stay and that the property is not necessary to an effective reorganization of the debtor, the subsection *requires* the court grant relief from the stay....

S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 5838 (emphasis added). *Matter of Holtkamp, supra,* at 508.

The debtor-appellant has produced no showing that the continuation of the civil suit would result in prejudice either to the bankruptcy estate or to an effective reorganization. There has been no showing, furthermore, that the bankruptcy estate or that the debtor-appellant would be liable for any judgment arising from the pending civil action. The bankruptcy court's order expressly prohibits Mr. Elliott, should he obtain judgment against Mr. Hardison, from attempting to enforce that judgment against Mr. Hardison or his estate. Mr. Elliott is left to enforce his judgment, if any, only against, and to the extent of, the insurance coverage provided by State Farm—coverage which Mr. Hardison admits he has no equity in and in which he admits he has no property interest.[3]

*Collier on Bankruptcy* discusses the effect of insurance coverage on the decision to lift or to modify the automatic stay:

> Lack of adequate protection and lack of equity are not the sole grounds for relief from the stay since section 362(d)(1) requires that the stay be vacated *"for cause,* including lack of adequate protection..."* (emphasis added). Actions which are only remotely related to the case under title 11 or which involve the rights of third parties often will be permitted to proceed in another forum. Generally, proceedings in which the debtor is a fiduciary or which involve the post-petition activities of the debtor need not be stayed since they bear no real relationship to the purpose of the stay which is to protect the debtor and the estate from creditors. Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff. Finally, the liquidation of a claim may be more conveniently and speedily determined in another forum. 2 *Collier on Bankruptcy,* ¶ 362.07[3] (15th ed. 1980) (footnotes omitted).

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property; if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

3. Appellant's Reply Brief at 2.

Were this Court to overturn the decision of the bankruptcy court and thereby to preclude the appellee-complainant from proceeding in his civil action against the debtor-appellant, the appellee-complainant effectively would be left without any potential recovery for his alleged injuries. The choice is between allowing the civil action to proceed or simply allowing the unliquidated claim of the appellee-complainant to be discharged. The Court can find no policy of the Bankruptcy Code that would be fostered by preventing Mr. Elliott from liquidating his claim against Mr. Hardison, neither has the Court been shown that to allow Mr. Elliott to liquidate his claim would jeopardize Mr. Hardison's bankrupt estate or the effective reorganization of that estate. The Court, therefore, cannot find that the bankruptcy court erred or that it abused its discretion in allowing the pending personal injury suit of Mr. Elliott to proceed. *See Matter of Holtkamp, supra; Philadelphia Athletic Club v. Brodsky,* 9 B.R. 280 (Bkrtcy., E.D.Pa.1981); *In re Honosky,* 6 B.R. 667 (Bkrtcy., S.D.W.Va. 1980). Under these circumstances, the lifting of the stay was proper.[4]

## II.

The Court next considers whether the bankruptcy court erred in enjoining State Farm from pursuing its statutorily created subrogation rights against Mr. Hardison in the event State Farm becomes liable to pay Mr. Elliott for damages arising out of his personal injury claim against Mr. Hardison.

With regard to this assignment of error, the Court has some question as to who the real party in interest is and, therefore, whether the issue properly is presented on appeal. Clearly, the debtor-appellant Mr. Hardison would not, in normal circumstances, advance an assignment of error which puts him in the anomalous position of requesting this Court to remove the protective shield of the Bankruptcy Court's injunction, thereby exposing him to the thrusts of State Farm's prospective subrogation claims. The Court is aware, however, that this may not be a normal circumstance, in that State Farm appears to be the party actually conducting this appeal, notwithstanding that the appeal is brought in Mr. Hardison's name.[5] Nonetheless, the Court considers that State Farm is an intervenor and may stand in the shoes of the appellant-debtor, and, therefore, is subject to the jurisdiction of this Court for the purpose of this second question considered on appeal.

Section 38.1–381(f) of the Code of Virginia creates an insurer's right of subrogation after payment of an uninsured motorist claim. The section provides that the insurer shall have the rights of the "insured" (to whom such claim was paid) against the person[6] who caused injury to the "insured".[7] The term "insured", among other

---

**4.** The appellant-debtor relies on the case of *First State Bank, etc. v. Sand Springs State Bank,* 528 F.2d 350 (10th Cir.1976) for the proposition that the bankruptcy court did not have the authority to act as it did in this case. The appellant-debtor's contention is erroneous. *First State Bank* dealt with a dispute between private parties as to the ownership of certain funds which were not part of the debtor's estate, and in which the trustee in bankruptcy asserted no interest. The court in *First State Bank* held simply that the district court, sitting as a court of bankruptcy, did not have jurisdiction to adjudicate the claims of those parties; claims which were not implicated by the bankruptcy matter before the court. In the instant case, the bankruptcy court has made no attempt to adjudicate the personal injury claims of Mr. Elliott *vis-a-vis* the debtor-appellant or State Farm Insurance Company. Rather, the

Bankruptcy Court has allowed these claims to be resolved in a more appropriate forum—the Circuit Court for the City of Norfolk.

**5.** Although Mr. Hardison is listed as the only appellant on the notice of appeal dated March 5, 1982, counsel for the appellant, in a letter to the Court dated August 10, 1982, clearly considers State Farm Insurance Company to be his principal in this matter. In pertinent part the letter states, "... I have conferred with ... my principal, State Farm Mutual Automobile Insurance Company ...."

**6.** I.e., the uninsured motorist.

**7.** Section 38.1–381(f) provides in pertinent part that, "Any insurer paying a claim ... shall be subrogated to the rights of the insured to whom such claim was paid against the person

things, is defined to mean, ".... a guest in such motor vehicle to which the policy applies...." § 38.1–381(c), Code of Virginia 1950 as amended, 1981 Replacement Volume. Mr. Elliott, as a guest in the motor vehicle to which the policy of insurance applies, therefore, qualifies as an "insured" under the provisions of subsection (c) and thereby is the person to whom State Farm would be subrogated under the provisions of subsection (f). *See Pulley v. Allstate Insurance Company,* 242 F.Supp. 330 (E.D. Va.1965). Because the statute imbues State Farm with the rights Mr. Elliott might have against Mr. Hardison (once a judgment is obtained against Mr. Hardison and the amount of judgment is paid to Mr. Elliott by State Farm), the Court must determine what rights Mr. Elliott has.

Clearly, the order of the bankruptcy court of March 2, 1982 allows Mr. Elliott to proceed with his pending civil action for personal injuries against Mr. Hardison. Just as clearly, however, the order prevents Mr. Elliott (or any person claiming through Mr. Elliott) from attempting to enforce any judgment he might receive from that civil action against Mr. Hardison or against Mr. Hardison's estate. Mr. Elliott, then, has been given the "right" only to liquidate his previously unliquidated claim for damages. He specifically is prohibited from taking any other steps against Mr. Hardison, or against Mr. Hardison's estate or property, that would jeopardize Mr. Hardison's discharge and fresh start. Whether Mr. Elliott may collect against State Farm, as the insurance carrier for the vehicle in which he was a passenger, a judgment he might receive in the pending state court action would depend upon his compliance with the statutes and the insurance policy, and to that extent is an issue over which the bankruptcy court asserted no jurisdiction.

As noted above, the "rights" to which State Farm may be subrogated are no more than the rights of Mr. Elliott. Since Mr. Elliott is prohibited from enforcing or attempting to enforce any judgment he might receive for his personal injury claim, either against Mr. Hardison personally or against Mr. Hardison's estate, it was not an abuse of discretion for the bankruptcy court to enjoin the intervenor, State Farm, in the same manner.

■ As a court of equity, the bankruptcy court has broad powers to balance the hardships to the affected parties and to fashion relief from the automatic stay accordingly. *In re Paradise Boat Leasing Corp.,* 5 B.R. 822 (D.C.V.I.1980). Not to allow Mr. Elliott to proceed with his personal injury claim effectively would preclude him from any possibility of recovering for his alleged injuries, and might allow the insurance company to escape a risk which it has accepted under § 38.1–381(b) of the Code of Virginia.[8] Because the insurance company received an additional premium for assuming that risk, and because it is entitled to share in the Virginia Uninsured Motorist Fund under § 38.1–379.2 of the Code of Virginia, were this Court to allow the insurance company to escape its potential liability in the pending state court action would be to allow the insurance company potentially to be unjustly enriched. *See Doe v. Brown,* 125 S.E.2d 159, 203 Va. 508 (1962); *Matthews v. Allstate Insurance Co.,* 194 F.Supp. 459 (E.D.Va.1961). Furthermore, to allow the insurance company then to turn around and to sue Mr. Hardison would substantially jeopardize Mr. Hardison's fresh start in contravention of the policy of the Bankruptcy Code.

For the above-stated reasons, this Court finds that the bankruptcy court did not err nor abuse its discretion in its order of March 2, 1982, in this action.

---

causing such injury ...." § 38.1–381(f), Code of Virginia, 1950 as amended, 1981 Replacement Volume.

**8.** (b) Except as provided in paragraph (j) of this section, no such policy or contract relating to ownership, maintenance or use of a motor vehicle shall be so issued or delivered unless it

contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle .... § 38.1–381(b), Code of Virginia, 1950 as amended, 1981 Replacement Volume.