### In re BOCK LAUNDRY MACHINE CO., Debtor.

**Bankruptcy No. 83–00101.**

United States Bankruptcy Court, N.D. Ohio, W.D.

March 8, 1984.

---

Ruth A. Meacham, Toledo, Ohio, for debtor.

R. Timothy Morrison, Birmingham, Ala., for Stephen P. McMahon.

Lori Ehrlich, Mark D. Lefkowitz, New York City, for Thomas McNeill.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motions for Relief From Stay filed by Stephen P. McMahon, Thomas McNeill, and Maria and Ramiro Echeverri. Each of these creditors and the Debtor-In-Possession have agreed that the issues addressed in these Motions are primarily issues of law which can be decided solely upon the submission of written arguments. Inasmuch as each of these three Motions involves identical questions of law, the Court has postponed reaching a decision on any of the Motions until each Movant had an opportunity to argue their respective contentions. It appearing that all the parties have submitted their arguments, the Court has reviewed the pleadings and for the following reasons finds that a Limited Relief From Stay should be GRANTED.

## FACTS

The facts in this case are not in dispute. The Debtor-In-Possession is the manufacturer of centrifugal extractors, a device used in a variety of laundering and cleaning processes. Each of these three Movants have, prior to the filing of the Chapter 11 Petition, initiated a personal injury action against the Debtor-In-Possession for injuries they sustained as the result of an alleged malfunction in an extractor. These unconnected law suits were interrupted by the automatic stay when the Debtor-In-Possession's voluntary Chapter 11 Petition was filed on January 21, 1983.

At the time the injuries were sustained the Debtor-In-Possession maintained two policies of product liability insurance. The terms of these policies provided for a deductable and an aggregate limit of liability. They also provide that the insurer is obligated to defend any suit brought against the insured. In addition, the insurer has the option, upon notice, to pay a claim falling within the deductible range. If that occurs, the insured becomes obligated to reimburse the insurer for any payments so made. Currently, the Debtor-In-Possession has been named as a defendant or co-defendant in approximately forty-three different personal injury actions, thirty-two of which arose at a time when the Debtor-In-Possession was self insured. At the present time, only three of the plaintiffs have asked this Court for Relief From Stay in order to continue their state court actions.

## LAW

The stay from which the Movants seek relief is set forth at 11 U.S.C. § 362(a) which states in pertinent part:

"(a) Except as provided in subsection (b) of this section, a petition filed under sec-

tion 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title..."

Relief from this stay is permitted by the provisions of 11 U.S.C. § 362(d) which states in pertinent part:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest..."

The Movants allege that cause exists for relief from the stay, inasmuch as their potential claims are within both the time the Debtor-In-Possession was insured and the limits of insurance coverage. Specifically, they allege that a continued suspension of their state court actions will work a substantial hardship on their opportunity to adequately prosecute their claims. They also assert that because of the insurer's obligation to defend, the Debtor-In-Possession will not be unduly burdened with litigation. The Debtor-In-Possession, on the other hand, contends that the claims in question will subject the company to liability for the deductible and any liability in excess of the policies' coverage. They also argue that in the event the present suits do not exceed the policy limits, the utilization of a finite source of insurance protection will reduce the amount of funds available for other claimants. In that event other assets of the estate would be jeopardized.

In determining whether or not an automatic stay should be relieved to allow continuation of a state court action, the Courts have developed a balancing test, whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff. *See, In re Honosky,* 6 B.R. 667 (Bkrtcy.S.D.W.Va.1980), *In re Terry,* 12 B.R. 578 (Bkrtcy.E.D.Wis.1981), *In re Rounseville,* 20 B.R. 892 (Bkrtcy.R.I. 1982).

As stated by one Court, the test is whether or not: a) any "great prejudice" to either the bankruptcy estate or the debtor will result from continuation of the civil suit, b) the hardship to the plaintiff by maintenance of the stay considerably outweighs the hardship to the debtor, and c) the creditor-plaintiff has a probability of prevailing on the merits of his case. *Matter of McGraw,* 18 B.R. 140 (Bkrtcy.W.D.Wis. 1982), *see also, Matter of Holtkamp,* 669 F.2d 505 (7th Cir.1982).

In prior decisions, the Courts have considered a variety of factors which affect the balancing of the interests. Of predominant importance in these decisions have been the hardships to the plaintiff of protracted litigation and the expense of time and money to the Debtor-In-Possession in defending these actions. A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships. The opinions reflect that the Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding. *See for example, Matter of Holtkamp,* supra, *Elliott v. Hardison,* 25 B.R. 305 (D.C.E.D.Va.1982), *In re Honosky,* supra. They have also considered as significant the judicial economy of continuing existing actions rather than beginning the suit anew in another forum. *See for example, In re Palmer Const. Co., Inc.,* 7 B.R. 232 (Bkrtcy.S.D.1980), *In re Philadelphia Athletic Club, Inc.,* 9 B.R. 280 (Bkrtcy.E.D.Pa.1981), *In re Rounseville,* supra, *In re James Hunter Mach. Co., Inc.,* 31 B.R. 528 (Bkrtcy.Mass.1983).

The Courts have not, however, ascribed much significance to the fact that the debtor will be required to participate in their defense, especially when the debtor's insurer is obligated to provide counsel. *See for example, Matter of Holtkamp,* supra. This position has been sustained despite the fact that the debtor was uninsured and was required to assume the costs of his own defense. *In re Terry,* supra, *In re McGraw,* supra. Although one Court has held that the cost and time barriers of continued litigation were sufficient so as to justify a maintenance of the stay, the exceptional enormity of that case mandated a conclusion different than those in prior decisions. *Matter of Johns-Manville Corp.,* 26 B.R. 405 (Bkrtcy.S.D.N.Y.1983).

In the present case, it appears that the facts are sufficiently similar to those in the majority of prior decisions so as to warrant a limited relief from stay. The Movants have each set forth a cause of action which offers a chance of some recovery. They have also demonstrated that retention of the stay will work a considerable hardship on the right to litigate their claims. Personal injury litigation can consume a considerable length of time before a final award is made. Requiring the Movants to forego prosecution of their claims until such time as the stay is no longer in effect will effectively deny them an opportunity to be heard. This is especially significant in light of the size and nature of this Chapter 11 case. Removing the stay will not work a significant hardship on the Debtor-In-Possession, inasmuch as it will be made, at some time in the future, to participate in state court. The mere filing of a petition in bankruptcy cannot, in and of itself, erase a plaintiff's claim, their opportunity to litigate, or the fact that a debtor may be liable to the plaintiff in some amount.

Although the Debtor-In-Possession has expressed some concern regarding the amount of time its officers will have to devote to litigation rather than the reorganization effort, this fact alone is not sufficient to prevent the Movants from proceeding. The rules of civil procedure in most jurisdictions allow for methods of discovery which, if employed, may reduce the time the officers will be in litigation. Should the burdens of defending the actions begin to impair the reorganization effort the Debtor-In-Possession may petition this Court for remedial measures. Until such time, however, this Court must conclude that the Movants will be placed at a considerable disadvantage if the stay of their state court actions is not removed.

Finally, this Court must consider the consequences to the estate from a relief from stay. At the present time the Movant's claims are not fixed, either as to liability or amount. The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets. *Matter of Holtkamp,* supra. A lifting of the stay to allow a plaintiff-creditor to determine liability will not affect the estate. It will only allow the Movants to establish the amount of a claim which already has been made against the estate. In this respect, a relief from the stay will not violate the purpose for which it was imposed.

It is also important to point out that in the event the Movants are successful in obtaining a judgment, the Debtor-In-Possession will only be liable for the deductable portion of that judgment. This limitation is of significance in that the Debtor-In-Possession may estimate, as they have done in their disclosure statement, the Movant's claim as equal to the deductable limits. By doing so the Debtor-In-Possession will be able to incorporate into the Plan of Reorganization an amount which, in all likelihood, will be the maximum amount of their actual liability. Although the Debtor-In-Possession has argued that any judgments in excess of the aggregate insurance coverage will jeopardize assets of the estate, it must again be said that such an over the limits claim would survive the filing of a bankruptcy petition. The filing of a petition in bankruptcy cannot, by itself, mitigate the amount that may be owing to a claimant.

It can only affect how much will ultimately be paid to that claimant. Therefore, it must be concluded that no "great prejudice" will result to the estate by allowing the Movants to proceed in state court.

Notwithstanding the foregoing discussion, a total relief from stay would not be in the best interests of the estate, the Debtor-In-Possession, or the creditors. While it is one thing to allow a creditor to determine the amount of a claim, it is significantly different to allow him to collect on that claim. If the stay were to be completely dissolved, the Movants, if successful in state court, would be able to proceed against assets of the estate without any regard for the claims of other creditors. Such a result is not within the contemplation of the Bankruptcy Code. *See, In re Honosky,* supra, *Matter of Holtkamp,* supra, *In re Philadelphia Athletic Club,* supra, *In re James Hunter Mach. Co., Inc.,* supra. Accordingly, the Movants will not be permitted to make any effort to collect on any judgment obtained in their personal injury actions. If any such judgment should be forthcoming, the respective Movant should file with this Court a proof of claim for the amount of that judgment. At that time they will be able to participate in this case in the same fashion as other creditors.

In reaching these findings the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motions for Relief From Stay of Paul F. McMahon, Thomas McNeill, and Maria and Ramiro Echeverri be, and are hereby, GRANTED. This Relief is granted only to the extent that the named Movants are permitted to resume their personal injury actions against the Debtor-In-Possession for the purpose of determining liability and the amount, if any, of damages.

It is FURTHER ORDERED that the Movants will not attempt, in any manner, to collect on any judgments which result from their personal injury actions. Any such judgment will submitted as a Proof of Claim in this case.

It is FURTHER ORDERED that each of the Movants will assist the Debtor-In-Possession and the other Movants in minimizing the amount of time and expense that will be incurred by the officers of the Debtor-In-Possession as a result of the resumption of the personal injury actions. This cooperative effort includes, but is not limited to, Pre-Trial discovery, depositions, and trial attendance.