**In the Matter of Marion E. ROBERTSON, Clarence Robertson, Debtors.**

**Justin Egwineke, Movant,**

v.

**Marion E. Robertson Clarence Robertson, Respondents.**

**Bankruptcy No. 99–72472–WHD.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Feb. 14, 2000.

Robert S. Windholz, Atlanta, GA, for Movant.

Ann V. Broussard, Atlanta, GA, for Debtors/Respondents.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Before the Court is the Debtors' "Motion to Set Aside Order Entered November 1, 1999." After conducting a hearing on the Debtors' Motion on December 20, 1999, the Court took this case under advisement and requested briefs from the parties. At issue in this controversy is whether Justin Egwineke (hereinafter "Movant") is entitled to relief from the automatic stay.[1] This matter falls within the subject matter jurisdiction of the Court, *see* 28 U.S.C. § 157(b)(2)(G), and shall be disposed of in accordance with the following reasoning.

## BACKGROUND

The facts in this case are straightforward and undisputed. Marion Robertson and Clarence Robertson filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 25, 1999. The Debtors filed their schedule of assets and liabilities on September 13, 1999, as amended on October 28, 1999. Movant is identified as an unsecured creditor on Schedule F.

On September 13, 1999, Movant filed a "Motion to be Relieved from Stay." Movant seeks permission from this Court to continue the prosecution of a prepetition lawsuit against Debtor Clarence Robertson (hereinafter "Robertson") in the State Court of Fulton County. The state court litigation arises out of an automobile accident between the parties. According to the police report filed in connection with the mishap, Robertson rear-ended Movant.[2]

On the date of the accident, Robertson was insured by State Farm. In his stay relief motion, Movant made it clear that any recovery he may obtain in the state court action will be limited to the coverage provided under Robertson's insurance policy.[3] State Farm, through the law firm Harper, Waldon & Craig, is defending

1. Movant filed a "Motion to be Relieved From Stay" on September 13, 1999. A hearing on Movant's stay relief motion was scheduled for October 18, 1999. Since no one on behalf of the Debtors appeared at the October 18th hearing, a no opposition order granting stay relief was entered on November 1, 1999. The Debtors moved to set aside the November 1st order because they were not served with the stay relief motion. While it appears that Movant served Debtors' counsel with his motion, a review of the file indicates that the *Debtors were not served. Rules 4001, 7004,* and 9014 of the Federal Rules of Bankruptcy Procedure combine to require service of a motion to lift the automatic stay on the debtor. Service of the motion on debtor's counsel alone is insufficient under the rules. Consequently, the November 1st order granting Movant's motion for stay relief was entered in error. At the December 20th re-scheduled hearing, however, the Court heard from both parties regarding the merits of Movant's request for stay relief. At this juncture in the

proceeding, the "notice and opportunity to be heard" issue has been resolved. This order addresses the substantive question of whether relief from the stay should be granted.

2. While the Court does not know the extent of the damages to the parties and their property, there does not appear to be anything unusual about the traffic accident itself. Movant's counsel candidly admitted at the hearing that there are no aggravating circumstances surrounding the collision.

3. Although Movant has agreed not to seek recovery from Robertson personally, under Georgia law, Robertson, as the insured, must be the named defendant in the tort action. *See Caudill v. Strickland,* 230 Ga.App. 644, 498 S.E.2d 81, 82–83 (1998) ("general rule is that because there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage") (citations omitted).

Robertson in the state court litigation. Despite the presence of insurance coverage, the Debtors contend that Movant's claim should be treated like all the other unsecured debts in this case.[4] Moreover, the Debtors contend that lifting the stay as to Movant threatens their "fresh start." Robertson is presently recovering from a debilitating stroke, and he would prefer not to have to participate in the Fulton County litigation.

## DISCUSSION

■■■ As a general rule, the filing of a bankruptcy petition operates to stay litigation involving prepetition claims against a debtor.[5] *See* 11 U.S.C. § 362(a)(1) (1996). However, the automatic stay can be lifted, so long as an interested party can demonstrate "cause." *See* 11 U.S.C. § 362(d)(1) (1996). "Cause" is not defined in the Bankruptcy Code. Therefore, it is up to the judiciary to ascribe meaning to the term. What constitutes "cause" is based on the totality of the circumstances in the particular case. *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir.1997); *Trident Assoc. v. Metro. Life Ins. Co. (In re Trident Assoc.)*, 52 F.3d 127, 131 (6th Cir.1995). As will be discussed below, the Court is of the view that "cause" exists under the circumstances of this case to lift the automatic stay.

■■ With respect to pending litigation, courts have adopted a three-prong test for determining whether the stay should be lifted for "cause." The three factors are:

1. whether any great prejudice to either the bankruptcy estate or the debtor will result from prosecution of the lawsuit;

2. whether the hardship to the non-debtor party by continuation of the automatic stay considerably outweighs the hardship to the debtor; and

3. whether the creditor has a probability of success on the merits of his case.

*Int'l Bus. Mach. v. Fernstrom Storage and Van Co. (Matter of Fernstrom Storage and Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991) (citations omitted); *Healthfirst v. Martha Washington Hosp. (In re Martha Washington Hosp.)*, 157 B.R. 392, 395 (N.D.Ill.1993) (citations omitted); *In re Bock Laundry Mach. Co.*, 37 B.R. 564, 566 (Bankr.N.D.Ohio 1984) (citations omitted).

■■ "Cause" for lifting the automatic stay "might include the lack of any connection with or interference with the pending bankruptcy case." *Elliott v. Hardison*, 25 B.R. 305, 308 (E.D.Va.1982). As noted earlier, this is a no asset Chapter 7 proceeding which has basically run its course. To the extent there is a bankruptcy estate in this case, it has no value. Given the fact that Robertson was insured at the time of the accident, resulting in State Farm bearing the litigation costs in the civil lawsuit, the Court concludes that neither the bankruptcy estate nor the Debtors will suffer, at least from a pecuniary standpoint, by permitting Movant to prosecute his tort action. *Foust v. Munson S.S. Lines*, 299 U.S. 77, 87–88, 57 S.Ct. 90, 81 L.Ed. 49 (1936) (Supreme Court concluded that the "bankruptcy injunction" should have been lifted to permit wrongful death suit to go forward since claimant only interested in establishing liability under insurance policy and since reorganization proceeding not adversely affected); *Matter of Fernstrom*

---

4. For all intents and purposes, the Debtors' bankruptcy case is over. On October 5, 1999, Barbara Stalzer, the Chapter 7 Trustee, notified the Court that there are no assets to administer for the benefit of creditors. But for the present matter, there is no litigation pending. Neither Movant nor any other creditor has filed a discharge or dischargeability complaint against the Debtors. As such, there appears to be no reason why a dis-

charge should not be entered in this case instanter.

5. "The automatic stay provision of the Bankruptcy Code ... has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986).

*Storage and Van Co.,* 938 F.2d at 736 (court affirmed bankruptcy court's decision to lift stay to permit action to proceed in another forum reasoning that the "debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors"); *Holtkamp v. Littlefield (Matter of Holtkamp),* 669 F.2d 505, 508 (7th Cir.1982) (stay lifted to allow civil action to go forward since bankruptcy estate not jeopardized, as insurer assumed full financial responsibility for defending the litigation); *In re Adolf Gobel, Inc.,* 89 F.2d 171, 172 (2d Cir.1937) (permitting claimant to liquidate his claim in state court "will preserve the added assurance afforded by the debtor's liability insurance that the claim will be paid if established by judgment" and will not hinder the reorganization process); *but see Oberg v. Aetna Cas. & Sur. Co. (In re A.H. Robins Co.),* 828 F.2d 1023 (4th Cir.1987) (concluding that district court properly exercised its § 105 equitable powers by not lifting the stay to allow mass tort litigation to proceed; debtor's reorganization chances would be diminished if its officers, directors, and employees were required to devote time and attention to litigation issues), *cert. denied,* 485 U.S. 969, 108 S.Ct. 1246, 99 L.Ed.2d 444 (1988).

Next, the Court must balance the hardship to Movant of maintaining the stay versus the hardship to the Debtors of lifting the stay. In deciding that Movant will be prejudiced greatly if not allowed to litigate his tort action in state court, the Court cannot ignore the simple economics of the situation. Movant seeks a money judgment because he claims that he has been damaged by Robertson's negligent act. Robertson paid premiums to State Farm for automobile liability insurance coverage. To the extent that Movant obtains a judgment, he will look solely to State Farm to satisfy it. Unlike Movant, whose claim for damages will evaporate if the stay is not lifted, Robertson is not faced with a financial burden as a result of the accident. Thus, the only party that stands to benefit financially if the stay is not lifted is State Farm. In the Court's opinion, it would be grossly unfair for State Farm to benefit at Movant's expense. *See Elliott,* 25 B.R. at 310 ("were this Court to allow the insurance company to escape its potential liability in the pending state court action would be to allow the insurance company potentially to be unjustly enriched") (citations omitted); *see also Owaski v. Jet Florida Sys., Inc. (In re Jet Florida Sys., Inc.),* 883 F.2d 970 (11th Cir.1989) ("The 'fresh start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured.").

Robertson's argument that his "fresh start" will be jeopardized by having to participate in the state court litigation is not convincing. While it may be inconvenient and physically taxing on Robertson to have to appear at trial or at a deposition, the Court rejects the notion that lifting the stay in this case will impermissibly interfere with his "fresh start." This Court agrees with another bankruptcy court in this district, which held in a similar case that a debtor is "not relieved of the responsibility ... to testify at trial and/or participate in discovery as a witness." *In re Doar,* 234 B.R. 203, 206–07 (Bankr. N.D.Ga.1999) (citations omitted) (Kahn, B.J.); *see also In re Bock Laundry Mach. Co.,* 37 B.R. 564, 567 (Bankr.N.D.Ohio 1984) (courts do not ascribe much significance to the fact that a debtor may have to participate in the defense of the case, "especially when the debtor's insurer is obligated to provide counsel"). In summary, the circumstances of this case lead the Court to conclude that Movant will suffer far greater harm than the Debtors if the stay is not lifted. *See Elliott v. Hardison,* 25 B.R. 305, 308 (E.D.Va.1982) ("Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the

debtor is likely to be outweighed by hardship to the plaintiff.").

The third consideration in this analysis is whether Movant will likely prevail on the merits of his tort case. On this point, the police report clearly reflects that Robertson rear-ended Movant while Movant was stopped at a traffic light. Also, the report reflects that the officer on the scene issued Robertson a citation for "following too closely." Although the extent of Movant's damages is unknown, it seems that Movant will likely prevail on the merits, at least as to Robertson's liability.

In addition to having found that all three factors balance in favor of lifting the stay as to Movant, the Court is persuaded that its decision is mandated by Eleventh Circuit authority. In *Jet Florida*, a tort claimant/creditor moved to vacate the § 524(a) discharge injunction issued by the bankruptcy court after confirmation of the debtor's Chapter 11 plan. *Jet Florida*, 883 F.2d at 971–72.[6] Specifically, the creditor sought permission to continue his prepetition defamation action against the debtor for the limited purpose of establishing liability, a predicate to recovery from the debtor's insurer. *Id.* at 973. After noting that the discharge injunction is designed to protect the debtor and the bankruptcy estate, the Eleventh Circuit stated that "a discharge will not act to enjoin a creditor from taking action against another who also might be liable to the creditor." *Id.* Ultimately, the Eleventh Circuit concluded that "pursuant to section 524(e), a plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable." *Id.* at 976. In reaching

that conclusion, the court made two important points which are relevant to the instant case. First, the Eleventh Circuit commented that the § 524(a) discharge is not intended to shield insurance companies from liability. *Id.* at 975. Second, the court reasoned that permitting the creditor to prosecute his tort claim did not threaten the debtor's financial "fresh start," since the insurance company bore the responsibility of defending the action. *Id.* at 975–76. If, as *Jet Florida* holds, a creditor can establish a debtor's liability for insurance purposes after entry of the discharge, the Court can think of no logical reason why a creditor should not be permitted to establish a debtor's liability for insurance purposes before entry of the discharge.

### Conclusion

Having given this matter its careful consideration, the Court hereby concludes that cause exists to lift the automatic stay in order to permit Movant to prosecute his civil action against Robertson in the State Court of Fulton County. However, no judgment obtained by Movant is enforceable against either the Debtors or their property. In the event that a timely appeal of this order is not filed, the Clerk of the Court is directed to enter a discharge and close this case immediately.

**IT IS SO ORDERED.**

---

6.  In *Jet Florida*, the Eleventh Circuit adopted the district court's opinion as its own.