**In the Matter of HIGHWAY TRUCK DRIVERS AND HELPERS LOCAL UNION 107.**

**Civ. A. Nos. 88–3650, 88–4037.**

United States District Court, E.D. Pennsylvania.

April 7, 1989.

David S. Fishbone, Philadelphia, Pa., for debtors.

Marvin Krasny, Philadelphia, Pa.

Judith Chomsky, Philadelphia, Pa.

James J. O'Connell, Philadelphia, Pa., Asst. U.S. trustee.

David Hope, Philadelphia, Pa.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court are two appeals from the Memorandum and Order entered on March 29, 1988 in the United States Bankruptcy Court for the Eastern District of Pennsylvania by the Honorable Bruce I. Fox. The first appeal was filed on May 4, 1988 by the debtor, Highway Truck Drivers and Helpers Local Union 107 ("debtor 107"). This appeal was docketed at Civil Action No. 88–3650. The second appeal, a cross-appeal, was filed on May 20, 1988 by the creditors, Ronald and Frances Gajkowski, Robert Schipske and William and Jean Abate ("Gajkowski creditors"). This appeal was docketed at Civil Action No. 88–4037. For the reasons stated herein, the March 29, 1988 Memorandum and Order of Judge Fox will be affirmed.

## PROCEDURAL HISTORY

This case has as its genesis a March, 1984 jury verdict for the Gajkowski creditors against debtor 107 for approximately $1.3 million in Bucks County Common Pleas Court. On January 28, 1986, the Pennsylvania Superior Court reversed the jury verdict on behalf of the Gajkowski creditors and ordered that a judgment notwithstanding the verdict be entered on behalf of debtor 107. Thereafter, on August 31, 1987, the Pennsylvania Supreme Court reversed the Pennsylvania Superior Court by a vote of 4–3 and entered judgment for the Gajkowski creditors. *See Gajkowski v. Int'l Bhd. of Teamsters*, 515 Pa. 516, 530 A.2d 853 (1987). On September 14, 1987, pursuant to Pa.R.App.P. 2542 [1], debtor 107 filed a motion for reargument in the Pennsylvania Supreme Court. Debtor 107's motion for reargument was denied on October 9, 1987 [2].

---

**1.** Rule 2542 provides in pertinent part:
    (a) Time. An application for reargument shall be filed with the Prothonotary within 14 days after entry of the judgment or other order involved.
    Pa.R.App.P. 2542(a).

**2.** Debtor 107 states that this October 9, 1987 Order was transmitted to the parties via cover letter dated October 14, 1987; however, debtor 107 states that it did not receive this letter until "several weeks thereafter" since it was mailed to counsel's former address. Brief of debtor 107 in opposition to cross appeal and supplement to brief in support of its motion to dismiss the cross appeal at 2, n. 2.

On October 16, 1987, debtor 107 filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (Bky. No. 87–05211). Debtor 107 filed a Suggestion of Bankruptcy with the Prothonotary of the Pennsylvania Supreme Court on October 22, 1987.

On that same day, October 22, 1987, debtor 107 filed an application for modification of judgment, reflected on the Pennsylvania Supreme Court's docket sheet as a "2nd Request for Reconsideration." On November 18, 1987, debtor 107 filed an application for reconsideration *nunc pro tunc* of the denial of its application for reargument. The Pennsylvania Supreme Court, on November 18, 1987, granted the application for reconsideration *nunc pro tunc* [3] and denied, as moot, debtor 107's application for modification of judgment.

The matter was listed for the April, 1988 session of the court in Philadelphia.

On March 14, 1988, debtor 107 filed a motion for relief *nunc pro tunc* from the automatic stay provisions of 11 U.S.C. § 362(a) [4] which were invoked simultaneously with the October 16, 1987 Chapter 11 filing of debtor 107.

On March 29, 1988, Judge Fox issued a ruling that debtor 107 is relieved from the stay *prospectively* in order to reargue the appeal before the Pennsylvania Supreme Court but that relief is *not retroactive.* Judge Fox also granted the Gajkowski creditors and any other creditor relief from the automatic stay in order to allow them to reargue and to proceed to collect their judgment [5] if the Pennsylvania Supreme Court had not already imposed any stay of execution pending appeal and the debtor had not posted a supersedeas bond pursuant to Pa.R.App.P. 1731(a).[6]

3. Justice Flaherty dissented from this granting of reargument.

4. Section 362(a) provides as follows:
(a) Except, as provided in subsection (b) of this section, a petition filed under Section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 7eee(a)(3)), operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of a process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
11 U.S.C. § 362(a).

5. Subsequent to the March 29, 1988 Order, the Gajkowski creditors transferred the judgments which were entered in Bucks County against Debtor 107 to the Court of Common Pleas of Philadelphia County and caused writs of execution to be issued and served against various banking institutions where Debtor 107 had its accounts. Approximately $400,000.00 on deposit was frozen at that time.

6. Pa.R.App.P. 1731(a) provides as follows:
(a) General Rule. Except as provided by subdivision (b), an appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid. Where the amount is payable over a period of time, the amount found due for the purposes of this rule shall be the aggregate amount payable within 18 months after entry of the order.
Pa.R.App.P. 1731(a).

Debtor 107 filed an amended application for reconsideration *nunc pro tunc* of the denial of reargument on March 31, 1988. The amended application was granted *per curiam* by the Pennsylvania Supreme Court on April 7, 1988. The hearing on the motion for reconsideration already had been scheduled for April 12, 1988, and this allowed the hearing to go forward as scheduled.

On April 7, 1988, debtor 107 filed an appeal to this court from the portions of the March 29, 1988 Order by Judge Fox which granted the Gajkowski creditors and other creditors relief from the automatic stay. On April 21, 1988, the Gajkowski creditors filed a notice of cross-appeal of the March 29, 1988 Order in its entirety.

Judge Fox granted a preliminary injunction on April 22, 1988 which, *inter alia*, froze the assets of debtor 107 and prevented the Gajkowski creditors from further execution, but the liens were not dissolved. Judge Fox entered another Order on April 27, 1988 which required debtor 107 to deposit $12,000.00 monthly, which sums could not be used for operating expenses; which prohibited salary increases or increases in other employee benefits; and which imposed certain reporting requirements.

On September 28, 1988, the Pennsylvania Supreme Court reversed its prior decision and announced its new decision in the case of *Gajkowski v. Int'l Bhd. of Teamsters*, 519 Pa. 320, 548 A.2d 533 (1988). The Pennsylvania Supreme Court withdrew the original August 31, 1987 Opinion and Order and affirmed the decision of the Pennsylvania Superior Court in all respects. By letter dated September 30, 1988, counsel for debtor 107 notified this court that debtor 107 considered the two appeals presently pending moot by virtue of the Pennsylvania Supreme Court's decision on September 28, 1988. The court received a letter dated

October 3, 1988 from counsel for the Gajkowski creditors stating their disagreement.

On October 14, 1988, the Gajkowski creditors filed a motion for reconsideration of the September 28, 1988 decision. That motion was denied on December 1, 1988.

Judge Fox ruled, on January 10, 1989, that as a result of the September 28, 1988 Pennsylvania Supreme Court judgment in favor of debtor 107 and the denial of the Gajkowski creditors' application for reconsideration and reargument, the April 27, 1988 Order of the Bankruptcy Court will be vacated. Judge Fox also issued an Order which stated that the bankruptcy court's April 22, 1988 Order enjoining creditors from executing upon certain assets and also enjoining the debtor-in-possession from using certain assets will be vacated effective February 15, 1989 unless the District Court directs that the assets governed by that Bankruptcy Order remain frozen.

On February 8, 1989, the Gajkowski creditors filed a motion in this court for a stay of Judge Fox's January 10, 1989 Order. The Gajkowski creditors contended that the Bankruptcy Court's January 10, 1989 Order would allow dissipation of assets upon which the Gajkowski creditors could levy if this court determines that Judge Fox's March 29, 1988 order lifting the stay was in error.

Debtor 107 filed a motion to dismiss the cross-appeal and the motion to stay the Bankruptcy Order of January 10, 1989 on February 13, 1989. On February 13, 1989, this court convened a hearing for oral argument on the Gajkowski creditors' motion to stay. By Order filed February 14, 1989, the court granted the motion to stay for 30 days following the filing with this court of the last brief on this issue.[7] On March 1,

---

**7.** At the February 13, 1989 hearing the court granted the Teamsters Pension Trust Fund of Philadelphia & Vicinity and the Teamsters Health & Welfare Fund of Philadelphia & Vicinity (hereinafter collectively referred to as "the Funds") permission to file a brief as creditors in this matter. After a hearing on April 22, 1988, the Funds obtained a preliminary injunction

from Judge Fox which prevented the Gajkowski creditors from executing on Debtor 107's assets.

The Funds are independent Taft–Hartley Trust funds administered by Trustees appointed in equal number by management and labor. 29 U.S.C. § 186(c)(5). The Funds owe their exclusive fiduciary obligations to the participants and beneficiaries of the funds and may not serve the interests of unions or employers.

1989, the Gajkowski creditors filed a petition for writ of *certiorari* in the United States Supreme Court.

DISCUSSION

a. *Standard of review*

■ Findings of fact of a bankruptcy court must be affirmed unless clearly erroneous. Bankr.Rule 8013; *In re Morrissey*, 717 F.2d 100, 104 (3d Cir.1983). Neither debtor 107 nor the Gajkowski creditors challenge the findings of fact of Judge Fox. The district court makes an independent determination of the correctness of the conclusions of law of a bankruptcy court. *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 331 (E.D.Pa.1982).

b. *Mootness*

■ Debtor 107 and the Funds [8] maintain that the September 28, 1988 decision of the Pennsylvania Supreme Court in favor of Debtor 107 renders moot the Gajkowski creditors' cross-appeal. As support for this proposition they argue that the Gajkowski creditors' failure to request emergency relief from this court to reimpose the stay pending the cross-appeal of Judge Fox's Order of March 29, 1988 and the Pennsylvania Supreme Court's second opinion results in the March 29, 1988 Order of Judge Fox being final notwithstanding that the present appeal is pending before this court.

On March 29, 1988, Judge Fox lifted the automatic stay which by operation of law was in place on October 16, 1987 when debtor 107 filed a Chapter 11 voluntary petition for bankruptcy. As of March 29, 1988, debtor 107 was free to pursue reargument in the Pennsylvania Supreme Court. The Gajkowski creditors did not seek a stay of their cross-appeal pending the appeal to the Pennsylvania Supreme Court.

There are two (2) circumstances in the Bankruptcy Code where a stay is required to preserve a position pending an appeal of a bankruptcy court. Pursuant to 11 U.S.C. § 363(m), the reversal or modification on appeal of a bankruptcy court's authorization of a sale or lease of property of the estate "does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m). Also, under 11 U.S.C. § 364(e), the reversal or modification on appeal of the bankruptcy court's authorizing the trustee to obtain credit, incur debt, or the grant of a priority or a lien does not affect the validity of any debt or lien granted to an entity who extended the credit in good faith unless a stay was obtained pending appeal.

Debtor 107 concedes that the Bankruptcy Code does not specifically provide for the same result under the facts of this case, but debtor 107 states that the same result should be implied since Judge Fox granted the Gajkowski creditors relief to challenge the underlying state court judgment before the Pennsylvania Supreme Court. Once this relief was granted, debtor 107 opines that the Pennsylvania Supreme Court had the jurisdiction to enter a judgment; that judgment is valid; and this court should recognize ‚that judgment as valid under state law even if Judge Fox is found to have improperly issued the relief from the automatic stay because the Pennsylvania Supreme Court's decision of September 28, 1988 was entered after relief from the automatic stay was granted.

In *Central States, Etc. v. Central Transport, Inc.*, 841 F.2d 92 (4th Cir.1988), the court would not afford relief on an appeal of a confirmation of a reorganization plan where implementation of the plan "has created, extinguished or modified rights, particularly of persons not before

The Funds became involved in this action, because the Gajkowski creditors' disclosed intention to foreclose upon Debtor 107 threatens the Funds' participants and beneficiaries.

**8.** Debtor 107 and the Funds make essentially the same arguments in their submissions to the

court on the various issues. The court, for the sake of brevity and because debtor 107 is a named party, will refer to arguments made by both debtor 107 and the Funds as being debtor 107's arguments.

the court, to such an extent that effective judicial relief is no longer practically available." *Id.* at 96; *see also In re Roberts Farms, Inc.,* 652 F.2d 793, 797 (9th Cir. 1981) (granting relief would "create an unmanageable, uncontrollable situation for the Bankruptcy Court").

The Ninth Circuit Court of Appeals in *Algeran, Inc. v. Advance Ross Corp.,* 759 F.2d 1421 (9th Cir.1985), stated that "the power of this court is 'limited to the adjudication of actual cases and live controversies' and we cannot 'give opinions about abstract propositions.'" *Id.* at 1423 *quoting Luckie v. E.P.A.,* 752 F.2d 454 (9th Cir.1985). In *Algeran,* many changes in the status quo occurred after the district court had lifted the automatic stay and validated the foreclosure sale. For example, directors of an interested subsidiary corporation resigned and new directors replaced them and a few weeks later the corporation filed for bankruptcy.

In the instant case, if the court finds that Judge Fox abused his discretion in lifting the automatic stay prospectively for both debtor 107 and the creditors, there would be no necessity to reverse complicated financial transactions. The court does not agree that the Pennsylvania Supreme Court's September 28, 1988 decision evinces a change of circumstances as those described in the cases above. Accordingly, the appeal and the cross-appeal are not moot.

### c. *Rooker–Feldman doctrine*

■ "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the [United States] Supreme Court" by petition for writ of *certiorari.* 28 U.S.C. § 1257. The United States Supreme Court held, in two subsequent decisions that are referred to as the *Rooker–Feldman* doctrine, that there is no federal review of state court rulings through any other avenue than section 1257.

In *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), plaintiffs began a proceeding in federal district court to reverse a ruling of the Indiana Supreme Court. One of the plaintiffs' arguments was that the due process clause of the Fourteenth Amendment had been violated by the Indiana Supreme Court when it failed to "give effect to a prior decision in the same cause by the Supreme Court of the State which is alleged to have become the 'law of the case.'" *Id.* at 415, 44 S.Ct. at 150. The United States Supreme Court held that the federal district court could not reach the merits of the case, because "[u]nder the legislation of Congress, no Court of the United States other than this Court could entertain a proceeding to reverse and modify the [state court] judgment." *Id.* at 416, 44 S.Ct. at 150.

In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the United States Supreme Court reaffirmed *Rooker* by holding that a federal district court has no authority to review a final judgment of the state court in judicial proceedings "even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Id.* at 486, 103 S.Ct. at 1317.

The jurisdictional question then becomes, according to debtor 107's analysis, whether the Gajkowski creditors' challenges to Judge Fox's March 29, 1988 decision are a general challenge or a challenge to the Pennsylvania Supreme Court's decision of September 28, 1988. *See Stern v. Nix,* 840 F.2d 208, 212 (3d Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 77, 102 L.Ed.2d 53 (1988). Debtor 107 asserts that in order for the Gajkowski creditors to prevail, this court's review of Judge Fox's decision encompasses the task of second guessing and effectively reversing the Pennsylvania Supreme Court's decision and its interpretation of its own Rules of Appellate Procedure.

The court must determine whether the Gajkowski creditors' claims that Judge Fox abused his discretion in lifting the automatic stay are "inextricably intertwined" with the merits of the Gajkowski Creditors' substantive due process arguments presently before the United States Supreme Court in

the form of a petition for *certiorari*. *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir.1989); *Feldman*, 460 U.S. at 482–484, 103 S.Ct. at 1314–1316. In his concurring opinion in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), Justice Marshall discussed the problem of ascertaining when a constitutional claim is "inextricably intertwined" with a state court decision:

> While the question whether a federal constitutional challenge is inextricably intertwined with the merits of a state-court judgment may sometimes be difficult to answer, it is apparent, as a first step, that the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Id.* at 25, 107 S.Ct. at 1533. However, it must be remembered that this case is before the court as an appeal from the bankruptcy court, and thus, jurisdiction is conferred by virtue of 28 U.S.C. § 158(a) giving the district court jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court. The court finds this case distinguishable from *Rooker–Feldman* and their progeny and holds that subject matter jurisdiction exists over the appeal and the cross-appeal.[9]

### d. *Bankruptcy appeal*

■ On March 29, 1988, Judge Fox, after considering debtor 107's motion for relief *nunc pro tunc* from the automatic stay so that it could appeal from an adverse judgment rendered in favor of the Gajkowski creditors, relieved debtor 107 and the Gajkowski and all other creditors from the automatic stay *prospectively*. The decision whether or not to lift the automatic stay is subject to an abuse of discretion standard. *Matter of Holtkamp*, 669 F.2d 505 (7th Cir.1982).

In the March 29, 1988 Memorandum, Judge Fox remarked that it was not surprising that debtor 107 could cite no reported decisions granting relief from an automatic stay. He continued that

> it is highly unusual for a debtor to desire such a result. By filing for bankruptcy, the debtor causes the stay to come into being in order to obtain protection from the demands of its creditors. If the debtor does not need a stay, it simply need not file for bankruptcy. Nonetheless, the debtor's position does derive some support from the legislative history ...

Memorandum at 10. Judge Fox relied on the legislative history of 11 U.S.C. § 362(d)(1) which states in pertinent part:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S.Rep. No. 989, 95th Cong.2d Sess. 50, *reprinted in* [1978] U.S.Code Cong. & Ad. News 5836. Based upon this legislative history, Judge Fox exercised his discretion and allowed the parties "to return to the forum of their initial choosing."

The Gajkowski creditors quarrel with the cases used by Judge Fox to support his decision as each involved an unliquidated or contingent claim and a request for relief made by a party other than the voluntary debtor. *See Matter of Holtkamp, supra*, (action permitted to proceed where trial date already set and out-of-state witnesses subpoenaed); *In re Castlerock Properties*, 781 F.2d 159 (9th Cir.1986) (non-debtor request to lift stay to allow trial to proceed granted); *In re Olmstead*, 608 F.2d 1365 (10th Cir.1979) (creditor permitted to proceed against bankrupt in third-party action

---

**9.** The court notes that the concerns and analysis in the *Rooker–Feldman* line of cases are instructive in looking at the abstention issue also raised by debtor 107. However, the court need not discuss this argument in light of its finding that Judge Fox did not abuse his discretion in his decision of March 29, 1988.

to liquidate debt); *In re Hoffman*, 33 B.R. 937 (Bankr.W.D.Ok.1983); *In re Philadelphia Athletic Club*, 9 B.R. 280 (Bankr.E.D. Pa.1981) (stay lifted at creditor's request to allow claim to be liquidated). Judge Fox acknowledged that the cases upon which he relied were not analogous to the situation presented to him, but that is not enough to render his decision an abuse of discretion, it simply means that there are no cases which directly address the issue.

Debtor 107 urged Judge Fox to grant relief from the automatic stay "for cause" under section 362(d)(1), because that was debtor 107's only vehicle to attack the adverse judgment.[10] Fox noted that debtor 107's "quandary is real, albeit self-created." If debtor 107 could not relitigate the adverse judgment in the bankruptcy court, and if it was denied relief from the automatic stay, then it would have had no opportunity to continue to challenge the adverse judgment. Judge Fox probably added to this consideration the actuality that the Pennsylvania Supreme Court had granted debtor 107's second motion for reconsideration, leading to the reasonable inference that the Pennsylvania Supreme Court may reverse its prior decision, a fact that would benefit the bankruptcy estate.

The Gajkowski creditors argue that Judge Fox abused his discretion in not applying the Full Faith and Credit Clause, 28 U.S.C. § 1738, when deciding debtor 107's request for relief from the automatic stay. In light of the Pennsylvania Supreme Court's grant of the second motion for reconsideration, Judge Fox could not have said that the pre-petition judgment was a final judgment, a prerequisite to application of the Full Faith and Credit Clause. The United States Supreme Court may disagree that the pre-petition judgment was not a final judgment, but that was not for Judge Fox to assess at the time of his March 29, 1988 decision.

The court cannot find that Judge Fox's March 29, 1988 decision constituted an abuse of discretion. Judge Fox carefully assessed the situation given the latitude of discretion under the automatic stay provisions. Additionally, the court finds that Judge Fox's decision to grant relief from the automatic stay to the Gajkowski creditors as well as debtor 107 under *Association of St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446 (3d Cir.1982) was correct.

### CONCLUSION

For the foregoing reasons, the March 29, 1988 Memorandum and Order of the Bankruptcy Court will be affirmed.

---

**10.** Judge Fox found it obvious that debtor 107's second motion for reconsideration filed with the Pennsylvania Supreme Court, post-petition, was "improper and violative of § 362(a)." This court agrees, and it appears that the Pennsylvania Supreme Court also acquiesced in that they granted the third motion for reconsideration.