**In re Richard SPADA a/k/a Spada Realty, Debtor.**

**CREDITORS' COMMITTEE, Plaintiff,**

v.

**Joseph V. SPADA, Sr.; Donald Griffin; Ken Maula; Paul R. Budick; Stephanie Budick; First National Bank, N.A.; and United Penn Bank, Defendants.**

Civ. No. 88–1868.

United States District Court, M.D. Pennsylvania.

Aug. 9, 1989.

John Joseph Thomas, Wilkes-Barre, Pa., William H. Robinson, Jr., Stroudsburg, Pa., for petition-plaintiff.

James F. Geddes, Jr., Silverblatt & Townsend, Wilkes-Barre, Pa., Marshall E. Anders, Stoudsburg, Pa., for defendant-respondent.

MEMORANDUM AND ORDER

CONABOY, Chief Judge.

This is an appeal from the United States Bankruptcy Court on the issue of whether certain real estate transactions should be void as preferential transfers of property. The matter has been fully briefed and oral argument has been presented. For the reasons stated below, we shall deny the appeal and affirm the opinion of the bankruptcy court. 91 B.R. 668.

## I.

The debtor in this case, Richard Spada, was a real estate broker and developer in Stroudsburg prior to 1982. On March 22, 1982, he conveyed five (5) parcels of land in Monroe County and delivered a mortgage to the United Penn Bank giving it a secured lien on the commercial tract of land in East Stroudsburg, Pennsylvania. Four of the five parcels were conveyed to Spada and his wife and are not at issue here. The fifth conveyance, however, was to Joseph V. Spada, Sr., the debtor's father, and is part of this appeal.

The record reflects that on April 15, 1982, twenty-four (24) days after receiving the property from his son, Joseph Spada, Sr., conveyed part of the land to the Defendants Maula and Griffin on for a stated consideration of $10,000.00. Almost a year later, on March 4, 1983, Maula and Griffin conveyed the same parcel of land to the Defendants Budick for $33,000.00. The Budicks subsequently mortgaged their parcel with the Defendant First Eastern Bank.

As for the financial background involved in this matter, in March of 1982 the debtor, Richard Spada, was obligated to the United Penn Bank on three separate loans. At that time, he was having difficulty meeting monthly payments and eventually Spada reached an agreement with the bank to consolidate the three loans. The terms of the new agreement provided for a reduction in the interest rate from approximately 21% to what was then the prime rate of 15% and required Spada to only pay interest and not principal on the debt for the first year of the loan. In addition, the bank received a second mortgage on Spada's property and it was agreed that if Spada were able to finance building a shopping center on the property, the bank would subordinate its position to the new lender. The mortgage was recorded on March 22, 1982 in the amount of $37,447.18. On June 7, 1982, less than 90 days after recording of the bank's mortgage, the involuntary petition in bankruptcy was filed by three creditors of Spada, and on February 14, 1983, the case was converted to a Chapter XI bankruptcy.

On August 9, 1983, the attorney for Spada noticed a private sale of the property covered by the bank's mortgage. On September 29, 1983, the Court entered an Order authorizing the sale under Section 363 of the Bankruptcy Court and the debtor's attorney made payment to the bank in the amount $45,791.59. The debtor's committee (the plaintiff here) brought suit against the bank to recover payment of that amount, alleging that the mortgage given to the bank constituted a preferential transfer within the meaning of Section 547 of the Bankruptcy Code.

Judge Gibbons based upon a stipulation of fact, found that the granting of the mortgage by the debtor to the bank was not a preferential transfer under terms of Section 547 of the Bankruptcy Code, and found in favor of the bank. The creditors committee then filed this appeal to this Court.

## II.

The controlling standard of review is that set forth in Rule 810 of the Rules of Bankruptcy Procedure: "the court shall accept ... [the Bankruptcy Judge's] findings of fact unless clearly erroneous...." *In Re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 331 (E.D.Pa.1982), quoting *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 103 n. 6 (3d Cir.1981); *Matter of Highway Truck Drivers & Helpers Local 107*, 98 B.R. 698, 702 (E.D.Pa. 1989). The "clearly erroneous" standard, however, does not apply to questions of law. *Id.* at 331. When the question presented is solely one of law, the district court must make an independent determination of the correctness of the Bankruptcy Judge's legal conclusions. *Id.* citing *Universal Minerals, Inc.*, supra; *Grossman v. Internal Revenue Service*, 74 T.C. 1147 (1980); (CHH) ¶ 9387 at 87,080 (E.D.Pa. 1981); *In re Gilchrist Co.*, 410 F.Supp. 1070, 1074 (E.D.Pa.1976).

### III.

Section 547 of the Code deals with preferential transfers and provides that a trustee may avoid any transfer if it is made in contravention of the Code. The United Penn Bank cites Section 547(c)(1) of the Code which provides as follows:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange of new value given to the debtor; and

(B) in fact, a substantially contemporaneous exchange.

The Bankruptcy Court found as follows:

.... we agree and find that the granting of the mortgage by the bank to the debtor is not a preferential transfer under the terms of Section 547(b). The operative issue is whether the consolidation and modification of the loans into a new mortgage obligation constituted new value within the meaning of Code Section 547(a)(2), which provides as follows:

(2) new value means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation; ...

We are constrained to find that there was no error made by the Bankruptcy Judge in making this finding. The record shows, as the bankruptcy judge pointed out, that new credit was extended by the bank by granting close to a six (6) point reduction in the interest rate, by permitting the debtor to repay interest only for the first year of the loan, and further requiring the bank to subordinate its mortgage should a lender be secured in order to build a shopping center on the mortgaged property. These were substantial changes and the concept of the new mortgage fits well within the "new value" as contemplated by Section 547(a)(2). We find no error in the Court's judgment in regard to the transfer as to the bark.

### IV.

On February 7, 1985, the Creditors Committee also filed a complaint in bankruptcy court to set aside what they allege was a preferential and fraudulent transfer and to recover the property or its value which was conveyed first to Griffin and Mula and then to Defendants Budick and mortgaged for the First Eastern Bank. In ruling on this issue the bankruptcy judge found:

... we find the plaintiffs' cause of action against the Defendants Spada, Griffin and Maula to be without merit. We note that the Plaintiff has not relied on any other legal theory than that of a preferential transfer under Section 547. The Defendant, Mr. Griffin, testified extensively regarding the relationship himself, Spada and an entity known as Spada Construction Co., and we find that his testimony was very credible. In short, Mr. Griffin testified that at the time of the closing of the property all the settlement proceeds were made payable to Spada and that he did not have any reason to believe that Spada was acting on behalf of anyone but himself. He further testified that the cancellation of the accounts receivable referenced above and the agreement to do additional work were with an entity known as Spada Construction Corp., and not Richard Spada, individually as the debtor. Finally, Mr. Griffin testified he did not file a proof of claim in these proceedings against Richard Spada, individually. It is important to note at this point and to stress that the Plaintiff has only proceeded against the Defendants Griffin and Maula under Section 547 and that no fraudulent allegations under Section 548 of the Code were made by the Plaintiff against the Defendants.

The last count of the complaint concerns the transfer from Defendants, Griffin and Maula, to which transfer, in effect, is two steps removed from the initial transfer from the debtor to Spada. The applicable Code Section concerning this count of the complaint is Section 550, dealing with the liability of a transferee of an avoided transfer. This count is rendered moot, however, because of the failure of the Plaintiff to establish a preferential transfer claim against Griffin and Maula, the immediate transferors to the Budicks. Consequently we find that the count against the Budicks and the First Eastern Bank fails.[1]

We find no error in this determination by the bankruptcy judge since the record clearly supports those determinations and since those determinations clearly support the final judgment indicating there was no irregularity in the transfers to Budick and therefore, no irregularity in the position of the First Eastern Bank. We find that the determinations of the bankruptcy judge in this action are fully supported by the record and pleadings submitted to him for the purpose of arriving at this judgment. Under the circumstances, we will deny the appeal filed on behalf of the debtor and the Creditors Committee and will direct the Clerk to enter judgment in favor of the Defendants.

Accordingly, an appropriate order is attached.

---

1. At argument, creditors' counsel withdrew that portion of the claim against the Defendant Budick and First Eastern Bank.